UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XINYUE HIPPE,

        Plaintiff,

v.

        Case No. 25-cv-298-pp

CIRCUIT CITY CORPORATION, INC.,

        Defendant.

**ORDER DENYING MOTION FOR ATTORNEY'S FEES (DKT. NO. 16) AND CLOSING CASE**

        On August 19, 2025, the court granted in part the plaintiff's motion for default judgment in this case brought under Title III of the Americans with Disabilities Act. Dkt. No. 14. Because costs and reasonable attorney's fees are recoverable under the ADA, <u>Lange v. City of Oconto</u>, 28 F.4th 825, 848–49 (7th Cir. 2022), the court ordered the plaintiff to file a fee petition and supporting documentation. <u>Id.</u> at 14–15. On September 10, 2025, the plaintiff filed a motion for attorney's fees, dkt. no. 16, a document titled "affidavit in support of damages and statement of damages," dkt. no. 16-1, and a document titled "statement of damages," dkt. no. 16-2.

        There are several serious problems with the documents the plaintiff has filed. The plaintiff's motion makes several statements that are unsupported by legal authority: "courts in this District and throughout the Seventh Circuit routinely award fees where a plaintiff has obtained default judgment in ADA

1

accessibility cases"; "[n]umerous courts in the Seventh Circuit have awarded fees following default judgment in ADA matters, recognizing both the compensatory purpose of fee-shifting statutes and the public interest in encouraging private enforcement of the ADA"; and "[t]he total time expended is reasonable in light of the procedural steps required to secure a default judgment." Dkt. No. 16 at 1–2. The plaintiff's counsel, attorney David Reyes, states in his affidavit that the "reasonable hourly rate for [his] services in this district is $400 an hour," but provides no evidence—no affidavits from other counsel in the district, for example—that would allow the court to conclude that rate is reasonable. Dkt. No. 16-1 at ¶3.

But the most glaring issues come from Attorney Reyes' affidavit and "statement of damages." The "statement of damages" purports to consist of time entries for the work performed on this case and a statement of the litigation costs for case filing and service of process. See Dkt. No. 16-2. Attorney Reyes states that he is "familiar with the file, records and pleadings in this matter" and the statement of damages is "an accurate representation of the hours that [he] expended on this case." Dkt. No. 16-1 at ¶¶1, 5.

But the tasks identified in the statement of damages do not correspond with documents filed with the court in this case. Attorney Reyes states that he spent 0.3 hours preparing a "NOTICE of Lead Counsel Designation." Dkt. No. 16-2 at 1. The court never received such a notice. Attorney Reyes states that he spent 0.2 hours "[r]eview[ing] NOTICE of Order Referring Case to U.S. Magistrate Judge for IDEAL Program." Id. The court never filed an order

2

referring this case to a Magistrate Judge and there is no "IDEAL Program" in this district. The Middle District of Florida currently is piloting an "Inexpensive Determination, Efficient, and Abbreviated Litigation (IDEAL) Program," but no such program exists in the Eastern District of Wisconsin. See Middle District Launches Pilot Program to Reduce Length of Litigation in Appropriate Cases, https://www.flmd.uscourts.gov/announcements/middle-district-launches-pilot-program-reduce-length-litigation-appropriate-cases (Jan. 24, 2024). Attorney Reyes does not appear to be admitted to practice in the Middle District of Florida. See Dkt. No. 16-1 at ¶4 (stating that Reyes is admitted to practice in Illinois and Wisconsin).

Attorney Reyes states that he spent 0.1 hours "[r]eview[ing] 05/31/2025 ENDORSED ORDER." Dkt. No. 16-2 at 1. This court does not issue "endorsed orders" and did not issue *any* order in this case on May 31, 2025. Attorney Reyes states that he reviewed another unspecified "order" and two further "endorsed orders," each for 0.1 hours. Id. The court issued four text-only orders and one written order in this case. See Dkt. Nos. 5, 7, 9, 11, 14. Attorney Reyes does not specify the date for those time entries for "reviewing orders," so the court cannot determine if they correspond to the orders issued in this case. Again, the fact that this court does not issue "endorsed orders" suggests that at least two of those time entries do not correspond to work performed on this case. The entries appear to be out of order because Attorney Reyes states that he "[r]eviewed Clerk's ENTRY OF DEFAULT" prior to working on "Motion for Clerk's Default," so the court cannot even guess as to what

3

"orders" Attorney Reyes supposedly reviewed as they may be listed out of order. Dkt. No. 16-2 at 1.

There's more. Attorney Reyes purportedly spent 8.4 hours working on this case, with 2.4 hours of that time spent drafting the complaint and summons. Id. Yet Attorney Reyes states he is the "lead attorney in over 100 ADA cases." Dkt. No. 16-1 at ¶3. A review of court filings in Illinois and Wisconsin federal courts reflects that Attorney Reyes has filed closer to 300 cases this year. Over thirty of those cases have been filed in this district since the beginning of 2025; thirteen of those (including this one) were brought by plaintiff Xinyue Hippe. A review of two of Hippe's complaints filed prior to the complaint in this case reveals that most of the allegations in each complaint are identical, save for the defendant's name and some details about the alleged accessibility problems present on each defendant's website. See, *e.g.*, Dkt. No. 1 (filed February 28, 2025); Hippe v. Unybrands LLC, 25-cv-254-LA, Dkt. No. 1 (E.D. Wis. Feb. 20, 2025); Hippe v. Radio Sys. Corp., 25-cv-270-LA, Dkt. No. 1 (E.D. Wis. Feb. 24, 2025). Given the other inaccuracies in Attorney Reyes's submission, it strains credulity for the court to accept that he spent 2.4 hours preparing the complaint in *this* case when he submitted substantially similar complaints in two cases *prior* to this one.

Attorney Reyes's "statement of damages" is not "an accurate representation of the hours that [he] expended on this case." At least five of the fourteen entries correspond with work that was not performed on this case. The affidavit is not signed and does not state that it was submitted under

4

penalty of perjury—errors on top of errors—but Federal Rule of Civil Procedure 11(b) states that when submitting any paper to the court, an attorney certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the factual contentions have evidentiary support." Attorney Reyes may have violated this rule by submitting demonstrably inaccurate time records for work supposedly performed on this case.

The court could issue an order for the plaintiff to show cause why his conduct does not violate Rule 11(b). Fed. R. Civ. P. 11(c)(3) (court may, on its own, order an attorney to show cause why he should not be sanctioned for Rule 11 violations). Instead, the court will deny the plaintiff's request for attorney's fees. "Determination of a fee award is left to the court's discretion." Webb v. James, 967 F. Supp. 320, 323 (N.D. Ill. 1997) (citing Eddleman v. Switchcraft, Inc., 965 F.2d 422, 424 (7th Cir.1992)) (excluding costs and expenses from attorneys' fee award under the ADA where the time entries were vague or unsupported). "District courts, entrusted with the task of ordering an unsuccessful litigant to pay the reasonable attorney's fees of his opponent, may properly demand that a claim for such fees be fully supported by accurate and detailed records. When it is not, the request may be denied." Vocca v. Playboy Hotel of Chicago, Inc., 686 F.2d 605, 608 (7th Cir. 1982) (affirming denial of motion for attorneys' fees where, among other deficiencies, counsel sought compensation for at least two court appearances that were never made); see also FMC Corp. v. Varonos, 892 F.2d 1308, 1316 (7th Cir. 1990) ("A district

5

court may deny a fee request where the claim for fees is not supported by accurate and detailed records.").

By submitting time records that do not correspond to work performed on this case, the plaintiff has not substantiated her request for attorney's fees with "accurate and detailed records." Perhaps the errors in the motion and affidavit are the result of Attorney Reyes's attention being stretched thin by managing hundreds of the web accessibility cases that have inundated the federal courts. Whatever the reason, the court strongly advises Attorney Reyes to take more care in the papers he files with the court or he likely will face Rule 11 sanctions for repeated deficiencies. The court will deny the plaintiff's motion for attorney's fees and close this case.

The court **DENIES** the plaintiff's motion for attorney's fees. Dkt. No. 16.

The court **ORDERS** that this case is **CLOSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of October, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**